**AGNEW & MORRISON**

Honorable Loretta A. Preska
Senior Justice, United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

December 7, 2024

<u>**VIA ECF**</u>

**Re:**   ***Allen v. Koenigsmann, et al., 23-cv-5651***
         ***Time to Reopen***

Dear Judge Preska:

I write to respectfully request that the Court extend the time for the parties to reopen this case *pro nunc tunc*. The Court dismissed the case on October 21, 2024 subject to settlement. On October 23, 2024, I sent a draft settlement stipulation to all defense counsel and advised that because creation of a Supplemental Needs Trust would have to occur the settlement stipulation needed to be finalized as soon as possible. Mr. Schulze then was out of the office due to illness which we certainly understand, though there are no fewer than five defense attorneys on the case. It is now December 7, 2024 and yesterday I heard from Michael Keane that he would send a "draft stipulation" in the next week or two. We have already sent a draft stipulation that conforms with the many, many others this office has entered into with DOCCS. There is no excuse for the delay in receipt of a stipulation.

Somewhat more concerning than the lack of a stipulation is the post-settlement treatment of our client. One of the reasons our client settled was that he was too frail to travel to trial. We were informed that Mr. Allen was headed to a Regional Medical Unit due to his medical condition. On the eve of trial, DOCCS had him housed in the infirmary at Eastern New York CF because of his fall risk and other health issues. We visited him about a week before the trial was supposed to start and he had a visible laceration on his head, bruising, and he was incredibly frail – I could feel each vertebrae in his back when I hugged him. A kind guard even

*New York Office*          (973) 600-1724          aj@ajagnew.com          *New Jersey Office*
24 Fifth Avenue, Suite 1701                                                  36 Page Hill Road
New York, NY 10011                                                          Far Hills, NJ 07931

inquired whether we were getting Mr. Allen "out of there," as he was no longer capable of taking care of himself and was visibly deteriorating.

True to form, as soon as Mr. Allen agreed to the settlement terms, he was <u>not</u> transferred to a Regional Medical Unit, but rather across the state to Five Points CF which has the very worst medical care in the state. The notion that the lead plaintiff in a major class action would be transferred as soon as he settled with the State obviously echoed the retaliatory treatment imposed on Anthony Medina. Again, the transfer came out of nowhere, was not conveyed to this office, and has resulted in the suffering of our client. This transfer was especially punitive given that Mr. Allen's 92-year-old father visits him monthly at Eastern from NYC along with his brother, a physician, who regularly monitors his well-being. Those visits are no longer possible and were well known to DOCCS.

This office immediately reached out to counsel and inquired why Mr. Allen had not been transferred to a Regional Medical Unit. Again, true to form, we received a nonsense response about how "happy he was with his placement at Five Points," and that he required a flats facility as well as one that could accommodate his hearing disability. This utter ridiculousness was conveyed by none other than Dr. Christopher Wright, a doctor well known to this office for his absolute disdain for patients and their medical needs. Mr. Allen can easily be accommodated in multiple prisons on the eastern side of the state – including our own Unit for the Physically Disabled at Green Haven. In response, we respectfully requested that Mr. Allen not be on Dr. Wright's patient roll.

Yesterday, I spoke with Mr. Allen's brother, who is a physician at Albert Einstein, and he shared that Mr. Allen is certainly not "happy" with his placement and that, in fact, he has been falling out of his bed at Five Points. We have a legal call scheduled with Mr. Allen on Monday (which will, no doubt, be strangely canceled – the betting cards have already circulated through our office) and I will travel to Five Points next week if necessary to gauge his physical state for myself.

DOCCS' treatment of Mr. Allen in the wake of his settlement is beyond unacceptable. He is a very kind, elderly man who was brave enough to serve as the lead plaintiff in a major class action which helped thousands of prisoners. He has been at Eastern NY CF since 2007 – seventeen years. We chose Mr. Allen to serve as lead plaintiff, in part, because of his demeanor, his affability, and his lack of

*New York Office*
24 Fifth Avenue, Suite 1701
New York, NY 10011

(973) 600-1724          aj@ajagnew.com

*New Jersey Office*
36 Page Hill Road
Far Hills, NJ 07931

antagonism toward defendants. Yet, he has now been banished to the other side of the state, in a sub-par facility where he is not even being afforded basic accommodation to keep him from falling out of his bed.

In light of the above, Plaintiff respectfully requests that the time to reopen the case be extended until January 15, 2025. This should give DOCCS time to remedy the retaliatory measures taken against Mr. Allen as well as supply us with a stipulation. Once I receive the stipulation, I have to file a motion before this Court for creation of a Supplemental Needs Trust. Unfortunately, I cannot do that until I have a draft settlement stipulation to attach for proof of funds.

As always, we thank the Court for its continuing courtesies.


Very truly yours,

*/s/ AJ Agnew*

Amy Jane Agnew, Esq.
*Counsel for Plaintiff*

SO ORDERED

LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE

12/10/24